UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Marlon J. Benavides
and other similarly situated individuals,

    Plaintiff(s),

v.

2401 NE 2ND Street Operations LLC,
d/b/a Seaview Nursing and
Rehabilitation Center,

    Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Marlon J. Benavides and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant 2401 NE 2ND Street Operations LLC, d/b/a Seaview Nursing And Rehabilitation Center, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Marlon J. Benavides is a resident of Broward County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant 2401 NE 2ND Street Operations LLC, d/b/a Seaview Nursing And Rehabilitation Center (from now on Seaview Nursing Center, or Defendant) is a Florida Limited Liability

Company. Defendant has a place of business in Pompano Beach, Broward County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce. Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Marlon J. Benavides as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2019, (the "material time") without being adequately compensated.

6. Defendant Seaview Nursing Center is a skilled nursing home and rehabilitation center engaged primarily in the care of the sick or aged. Defendant has facilities located at 2401 NE 2ND Street, Pompano Beach, FL 33062.

7. Defendant Seaview Nursing Center employed Plaintiff Marlon J. Benavides as a non-exempted, full-time, hourly employee from May 8, 2002, to March 2, 2022, or nineteen years and nine months. However, for FLSA purposes, Plaintiff's relevant employment period is 150 weeks.

8. Plaintiff was hired as a maintenance employee for the nursing home. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

9. Plaintiff was paid a wage rate of 22.44 an hour. Plaintiff's overtime was $33.66 an hour.

10. During his employment with Defendant, Plaintiff worked a regular schedule of 6 days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 5:00 PM (10 hours daily). On Saturdays, Plaintiff was On-Call for 2 hours. Plaintiff worked a total of 50 hours or more, and he was paid overtime hours correctly.

11. However, Plaintiff is claiming that during the relevant period, Defendant deducted 0.30 minutes of lunchtime daily, regardless of whether Plaintiff could take lunch or not. Plaintiff was unable to take lunch at least 3 times per week or 1.5 hours weekly.

12. These improperly deducted 1.5 lunchtime hours constitute 1.5 unpaid overtime hours per week. Defendant ordered Plaintiff to deduct 0.30 minutes per day when he went to punch out on the company computer.

13. Defendant was in complete control of Plaintiff's schedule and was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted and constituted unpaid overtime hours.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of days and hours worked.

16. Plaintiff complained numerous times to the Administrator Vanessa LNU and HR about the illegal deduction of his lunch hours, the bi-weekly deduction of $65.00 for health insurance that did not exist, and other deductions.

17. As a result of Plaintiff's Complaints, Administrator Vanessa LNU fired Plaintiff on or about March 2, 2022.

18. On or about March 2, 2022, Plaintiff was terminated due to his complaints about unpaid working hours (1.5 lunchtime deduction), illegal deductions, and discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the USA Equal Employment Opportunity Commission (EEOC).

19. Plaintiff Marlon J. Benavides seeks to recover 1.5 unpaid overtime hours weekly for every week he worked for Defendant, liquidated damages, the reimbursement of any illegal deduction, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

20. Plaintiff Marlon J. Benavides re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. Defendant Seaview Nursing Center was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a nursing home that provides room, board, personal, and healthcare services to the elderly and infirm. This nursing home is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

22. Plaintiff and those similarly situated employees were employed by an enterprise covered under Section 3(s)(1)(B) of the FLSA . Plaintiff and those similarly-situated worked as

maintenance employees at a facility "engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise individual coverage.

23. Defendant Seaview Nursing Center employed Plaintiff Marlon J. Benavides as a non-exempted, full-time, hourly employee from May 8, 2002, to March 2, 2022, or nineteen years and nine months. However, for FLSA purposes, Plaintiff's relevant employment period is 150 weeks.

24. Plaintiff was hired as a maintenance employee for the nursing home. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

25. Plaintiff was paid at a wage rate of $22.44 an hour. Plaintiff's overtime was $33.66 an hour.

26. During his employment with Defendant, Plaintiff worked a regular schedule of 6 days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 5:00 PM (10 hours daily). On Saturdays, Plaintiff was On-Call for 2 hours. Plaintiff worked a total of 50 hours or more, and he was paid overtime hours correctly.

27. However, Plaintiff is claiming that during the relevant period, Defendant deducted 0.30 minutes of lunchtime daily, regardless of whether Plaintiff could take lunch or not. Plaintiff could not take lunch at least 3 times per week or 1.5 hours weekly.

28. These improperly deducted 1.5 lunchtime hours constitute 1.5 unpaid overtime hours per week. Defendant ordered Plaintiff to deduct 0.30 minutes per day when he went to punch out on the company computer.

29. Defendant was in complete control of Plaintiff's schedule and was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that

Plaintiff did not take lunch hours, and they should not be deducted because they were unpaid overtime hours.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid bi-weekly with direct deposits and paystubs that did not reflect the real number of days and hours worked.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

33. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

35. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Seven Thousand Three Hundred Forty-Eight Dollars and 50/100 ($7,348.50)

   b. <u>Calculation of such wages</u>:

      Total period of employment:  almost 20 years
      Relevant weeks of employment:  150 weeks

      Total hours worked: 50 or more hours weekly
      Total unpaid O/T hours: 1.5 overtime hours (1.5 lunch hours)
      Regular rate: $22.44 x 1.5=$32.66 O/T rate
      O/T rate $32.66

      O/T $32.66 x 1.5 O/T hours=$48.99 weekly x 150 weeks=$7.348.50

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid overtime wages.

36. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. Defendant Seaview Nursing Center willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Marlon J. Benavides and those similarly situated respectfully request that this

Honorable Court:

    A. Enter judgment for Plaintiff Marlon J. Benavides and other similarly situated individuals and against Defendant Seaview Nursing Center based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

    B. Award Plaintiff Marlon J. Benavides actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable attorney's fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Marlon J. Benavides demands a trial by a jury of all issues triable as of right by a jury.

### <u>COUNT II:</u>
### <u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION</u>

40. Plaintiff Marlon J. Benavides re-adopts every factual allegation stated in paragraphs 1-19 of this Complaint as if set out in full herein.

41. Defendant Seaview Nursing Center was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a nursing home that provides room, board, personal, and healthcare services to the elderly and infirm. This nursing home is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

42. Plaintiff and those similarly situated employees were employed by an enterprise covered under Section 3(s)(1)(B) of the FLSA . Plaintiff and those similarly-situated worked as maintenance employees at a facility "engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise individual coverage.

43. For the reasons stated above, Defendant Seaview Nursing Center must comply with the minimum wage and overtime requirements of the FLSA.

44. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

45. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

46. Defendant Seaview Nursing Center employed Plaintiff Marlon J. Benavides as a non-exempted, full-time, hourly employee from May 8, 2002, to March 2, 2022, or Nineteen years and nine months. However, for FLSA purposes, Plaintiff's relevant employment period is 150 weeks.

47. Plaintiff was hired as a maintenance employee for the nursing home. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

48. Plaintiff was paid a wage rate of 22.44 an hour. Plaintiff's overtime was $33.66 an hour.

49. During his employment with Defendant, Plaintiff worked a regular schedule of 6 days per week, a total of 50 hours or more. Plaintiff was paid overtime hours correctly.

50. However, Plaintiff is claiming that during the relevant period, Defendant deducted 0.30 minutes of lunchtime daily, regardless of whether Plaintiff could take lunch or not. Plaintiff was unable to take lunch at least 3 times per week or 1.5 hours weekly.

51. These improperly deducted 1.5 lunchtime hours constitute 1.5 unpaid overtime hours per week. Defendant ordered Plaintiff to deduct 0.30 minutes per day when he went to punch out on the company computer.

52. Defendant was in complete control of Plaintiff's schedule and was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted and constituted unpaid overtime hours.

53. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the real number of days and hours worked.

55. Plaintiff complained numerous times to the Administrator Vanessa LNU and HR about the illegal deduction of his lunch hours, the bi-weekly deduction of $65.00 for health insurance that did not exist, and other deductions.

56. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

57. However, as a direct response to Plaintiff's complaints, on or about March 2, 2022, Plaintiff was wrongfully terminated from his employment. Defendant terminated in retaliation to his multiple complaints about missing overtime payment (1.5 lunchtime deduction), and illegal deductions

58. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

59. The termination of Plaintiff Marlon J. Benavides by Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about overtime payment and illegal deductions, in violation of Federal Law.

60. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

61. Defendant Seaview Nursing Center willfully and maliciously retaliated against Plaintiff Marlon J. Benavides by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

62. The motivating factor which caused Plaintiff to be fired from the business, as described above, was his complaints seeking his overtime wages from Defendant.

63. Defendant's adverse actions against Plaintiff Marlon J. Benavides were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

64. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, PlaintiffMarlon J. Benavides respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Seaview Nursing Center that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant Seaview Nursing Center to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Marlon J. Benavides further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff Marlon J. Benavides demands a trial by a jury of all issues triable as of right by a jury.

Dated: May 2, 2022

                Respectfully submitted,

                By: **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                9100 S. Dadeland Blvd.
                Suite 1500
                Miami, FL 33156
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*